IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SAMMY EDWARD SIMPSON, II**           )<br>                                                                 )<br>        Plaintiff,                                      )<br>                                                                 )<br>**v.**                                                        )<br>                                                                 )<br>**MARSHALL COUNTY**                    )<br>**DEPARTMENT OF HUMAN**          )<br>**RESOURCES OF THE STATE OF**   )<br>**ALABAMA,**                                     )<br>                                                                 )<br>        Defendant.                                  )  | Civil Action Number<br>**7:06-cv-0758-UWC** |

**MEMORANDUM OPINION**

Presently before this Court is Defendant's Motion to Dismiss. (Doc. 9.) After reviewing the relevant documents, the Court finds that the motion to dismiss is due to be granted, without prejudice.

I.

Pro se Plaintiff Sammy Edward Simpson, II ("Simpson"), commenced this action on April 19, 2006, by filing an application under Section 706(f) of the Civil Rights Act for the appointment of an attorney and the authority to commence an action without prepayment of fees. Simpson's application contained a number of conclusory and ill-defined allegations claiming he was a "victim of employment practices from... ADA and Title I and Title VII, EPA, and ADEA," "enticed to resign," "denied the right to rehire," "treated unfairly," and "unfairly terminated."  In addition, Simpson's application contained a number of vague

references to "discrimination," "disability," "overtime pay," "fraud, conspiracy, and retaliation." Simpson's imprecise allegations appear to be aimed at several potential Defendants, including Marshall County Department of Human Resources of the State of Alabama ("Marshall County DHR"), Crossville Nursing Home, NHS Leasing and Consulting, L.L.C., and Crossville Healthcare and Rehabilitation. In his application, Simpson listed six attorneys who declined to take his case.

The Court generously treated Simpson's application as a complaint, but Simpson was ordered to file an amended complaint, complying with the Federal Rules of Civil Procedure.

On June 1, 2006, Simpson filed a one-page amended complaint, styled only against Marshall County DHR, that totally failed to state a cause of action. According to his amended complaint, Simpson basically states that he was fired by Marshall County DHR because of his behavior and was never rehired. Simpson's amended complaint made no allegations against the other defendants listed above.

## II.

Marshall County DHR has moved to dismiss Simpson's complaint for failure to state a federal cause of action, lack of timeliness, Eleventh Amendment and sovereign immunity, and lack of standing.

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).

However, in civil rights actions, courts have recognized that more than conclusory notice pleading is required.

> [A] complaint [must] contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). ...It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery. 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 at 8-118 (2d ed. 1984). In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.

*Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

In the present case, the Court notified Simpson of the need for a more specific complaint. Simpson responded by filing an amended complaint that totally failed to state a cause of action. Given the vague, conclusory, and puzzling nature of the allegations in Simpson's initial application and his fatally deficient amendment, the Court is unable to fairly discern the subject of the complaint and whether there is some legal basis for recovery. "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir.1993). "Unsupported conclusions...have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Allegations in a civil rights complaint must be supported with sufficient facts to show the

court whether a viable cause of action has been filed.

Here, Simpson has failed to state what kind of discrimination he was subject to or even what kind of disability he suffers from.  Furthermore, it is unfair to allow this case to proceed without sufficient detail that would give the Defendants adequate notice of the allegations against them.

By  separate order, this case will be dismissed without prejudice.

Done the 10th day of August, 2006.

_____
U.W. Clemon
Chief United States District Judge